IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEVENDER SINGH,

    Petitioner,

v.                                                                             No. 2:25-cv-01256-KG-JFR

KRISTI NOEM, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Devender Singh's 28 U.S.C. § 2241 habeas corpus petition, Doc. 1, and motion for "immediate release." Doc. 8. Despite an order to answer and notice, the Government did not respond to the petition or motion. *See* Docs. 2–3, 5. Because Petitioner's challenge to his detention presents a legal question, the Court declines to hold a hearing and grants his petition for the reasons below. *See* 28 U.S.C. § 2243. Because the Court grants the petition and orders a prompt bond hearing, the motion for immediate release is denied without prejudice.

*I.*     *Background*

Petitioner is a "national and citizen of India who first entered the United States in September of 2023 from the U.S./Mexico border in search of asylum due to persecution he faced from rival religious and political factions in India." Doc. 1 ¶ 31. An immigration judge ("IJ") denied Petitioner's request for asylum on procedural grounds in February 2025 and entered an order of removal, and Petitioner's appeal of that determination remains pending before the Bureau of Immigration Appeals ("BIA"). *See id.* ¶¶ 36–37.

Petitioner was "found abandoned by his parents and appointed a guardian" in New York state court in July 2025 and filed an application for Special Immigrant Juvenile Status ("SIJS")

1

with U.S. Citizenship and Immigration Services ("USCIS") in August 2025, an application that remains pending. *Id.* ¶¶ 38–39.[1]

The Government detained Petitioner pending the outcome of his BIA appeal, and he "remains detained…at the Otero County Processing Center in Otero, New Mexico." *Id.* ¶¶ 1, 10. Petitioner has "no criminal record" and "does not pose a flight risk." *Id.* ¶ 40.

Petitioner filed this lawsuit in December 2025, contending that his detention violates the Immigration and Nationality Act ("INA"), Administrative Procedure Act ("APA"), and Fifth Amendment Due Process Clause, among other claims. Doc. 1. He seeks immediate release or, alternatively, a prompt bond hearing. *Id.* at 26–27.

## II.     *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

For the reasons below, (A) 8 U.S.C. § 1226 governs Petitioner's detention and (B) Petitioner is entitled to a bond hearing where the Government bears the burden of proof.

### A.     *Section 1226 governs Petitioner's detention.*

---

[1] SIJS, once granted, "is a form of parole that confers eligibility for adjustment to [lawful permanent resident] status to noncitizen minors who have been abused, abandoned, or neglected." *Meteo Francisco v. Dedos*, 2026 WL 145456, at *6 (D.N.M.) (citations omitted). Applicants must, among other requirements, be "under 21 years of age at the time of filing the petition," 8 C.F.R. § 204.11, as Petitioner was in this case. *See* Doc. 1-3 at 1 (listing Petitioner's date of birth as "10/22/2004" and the date of his application as "August 20, 2025").

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Title 8 U.S.C. 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed," 8 U.S.C. § 1226(a), an "[f]f an alien appeals" an IJ's order of removal to the BIA, the order "does not become a final order of removal until the appeal is dismissed by the BIA." *Gomez v. ICS*, 2026 WL 63933, at *2 (D.N.M.). Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across 50 courts); *see also Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288 (D.N.M.) (Gonzales, J.); *Patel v. Noem*, 2026 WL 103163 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies to noncitizens "*seeking* admission." (Emphasis added.) Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission" and fall under § 1226. *Pu Sacvin*, 2025 WL 3187432, at *3.

3

Under this framework, § 1226 governs Petitioner detention. The Government detained Petitioner several years after his initial entry into the United States. Doc. 1. Section 1225's mandatory detention provision therefore does not apply because Petitioner effected an entry by living in the United States for several years. *Pu Sacvin*, 2025 WL 3187432, at *3. He is therefore not seeking admission and is entitled to a bond hearing under § 1226.

      **B.**      ***The remedy is a bond hearing where the Government bears the burden of proof.***

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. "[U]nder normal circumstances," the burden at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted—but Petitioner's "unlawful detention...shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3. A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

      **C.**      ***Petitioner's SIJS application does not impact the Court's analysis.***

Petitioner contends that, because he applied for SIJS in August 2025, the IJ cannot enter a final order of removal against him in his immigration proceedings "while [he] is engaged in the process of attempting to regularize his immigration status through SIJ status." Doc. 1 ¶ 17. Petitioner, however, cites no legal authority for this argument, and this Court lacks jurisdiction to consider it in any event. This is an argument that Petitioner must raise in the appropriate United States Court of Appeals in a petition for review if a final order of removal is entered in his immigration case—district courts cannot review final orders of removal, much less nonfinal orders of removal, like the order at issue in this case. *See, e.g.*, 8 U.S.C. § 1252(b)(2) ("The petition for review [of an IJ's final order of removal] shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."); *M.O.G.R. v.*

4

*Warden*, 2025 WL 3460936, at *3 (M.D. Ga.) ("[D]istrict courts do not have jurisdiction to review final orders of removal").

## IV.   Conclusion

The Court grants Petitioner's § 2241 habeas petition. Doc. 1. Because the Court decides the petition on INA grounds, it does not address his other claims. The Government must provide Petitioner with a bond hearing before an IJ within seven days of this Order. At that hearing, the Government must justify Petitioner's continued detention by clear and convincing evidence. If the Government fails to provide a bond hearing within that timeframe, it must release Petitioner.

The Court also orders Petitioner to file a status report within 10 days of this Order confirming that the Government either gave Petitioner a bond hearing or released him.

Because the Court grants the habeas petition and orders a prompt bond hearing, Petitioner's motion for immediate release is denied without prejudice.

IT IS SO ORDERED

s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.